*Schmidt*, for appellant.

---

## WEINPRENDER *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The act of February 22, 1817, confers directly no privilege on undertakers for making and repairing levees.

The 3216th article of the *Civil Code* gives no preference for making a levee to the prejudice of persons having mortgages or privileges on the land previous to the time when the Code assumed the force of law.

By the old Code no privilege was conferred upon undertakers and makers of levees.

The District Court is not without jurisdiction *ratione materiæ* in a suit brought by a minor to establish his claim against his tutor, and if no objection on account of personal privilege be taken at the trial, the judgment of that court is in itself valid.

By the tablau of distribution filed in this case by the acting syndic, it appears that after deducting all the costs and ex-

penses attending the suit, there remained in his hands the sum of ten thousand and twenty-three dollars and eighty cents. The claims against the insolvent amounted to forty-five thousand six hundred and forty dollars and eighty-one cents. The syndic ranked all the creditors on the tableau as ordinary creditors, leaving the questions of privilege in regard to the respective claims to be determined by the court.

Louis Planchard and others, who had been placed on the tableau as creditors for six thousand seven hundred dollars, opposing its homolgation, prayed to be placed on it for ten thousand dollars, with privilege and preference over all others on the proceeds of the sale of a plantation surrendered by the insolvent, and upon which they had made and repaired a levee.

David C. Williams had been placed upon the tableau as a creditor for two thousand dollars. He prayed its amendment by allowing him a privilege over all others on the proceeds of the plantation for ten thousand dollars, the amount of a promissory note, for the payment of which, he alleged, the plantation had been mortgaged.

The minor heirs of Trouard, who were creditors upon the tableau for eight thousand one hundred and *ten dollars,* claimed to be placed thereon, with privilege for eight thousand three hundred and seventy-two dollars.

The judge *a quo* overruled the opposition of Planchard and others, decreed Williams to be placed on the tableau with privilege for one thousand seven hundred and seventy-nine dollars and fifty-six cents, and Trouard's heirs with privilege anterior to that of the vendor, for eight thousand and seventy-two dollars. Planchard and others appealed.

*Soulé* and *Dennis,* for Planchard, St. Avit, and others.

*Daunoy,* for Trouard's heirs.

*Hennen* and *I. W. Smith,* for Williams, made the following points:

1. D. C. Williams, is a creditor of George Weinprender, by judgment for ten thousand dollars, with interest thereon from April 3, 1816, till paid, with costs of court, as by record, number 2474 of the District Court, appears.

EASTERN DIS.
April, 1833.

WEINPRENDER
vs.
HIS CREDITORS

2. This judgment was on a note of hand, given by Weinprender for the purchase of the plantation which was sold for ten thousand dollars, by the syndics, and D. C. Williams is privileged thereon, as holder of the note, by assignment from the vendor, Trouard.

3. The claims of all the other persons put on the tableau by the syndics, are contested by D. C. Williams, he requires strict and legal proof of their demands; this he contends they have not produced.

4. As regards the minors, Trouards, calling themselves the nephews of A. Trouard; no proof is given of the tutorship having been taken by A. Trouard, nor is there any proof of an inventory of their estate; no estate belonging to them ever existed in Louisiana. No tutorship existed in Louisian; if any existed, the sale of the plantation was prior to such tutorship, and consequently, the tacit mortgage they claim, cannot go back to the land sold by their tutor prior to his appointment. And if any tutorship existed, it was in France, a foreign country; and the tacit mortgage cannot have effect in Louisiana, to the prejudice of creditors, citizens of Louisiana.

5. If any claim in favor of the Trouards exist, they have a tacit mortgage; it can have effect only on the plantation of A. Trouard, sold for ten thousand dollars; the balance of the property sold for six thousand one hundred and seventy dollars, is not liable in any way or event to their claims, as it was the private property of Weinprender, and was never held by A. Trouard.

6. The claims of the undertakers of the levee, must also be confined to the plantation sold by A. Trouard; as in their opposition, they expressly say, their work was done on that plantation.

7. The undertakers of the levee have no privilege on the plantation sold for ten thousand dollars, in as much as the

levee they made thereon was washed away before it was ceded by Weinprender and sold by his syndics.

8. The contract for making the levee was never enregistered, and is not binding on third parties. *Louisiana Code,* 3239. 1 *Martin's Dig.* 700, 704. All liens are to be recorded, which have the effect of a legal mortgage. *Laws of* 1817, *p.* 122, *sec.* 8.

9. The makers of the levee have no privilege superior to that of the vendor. *Louisiana Code, art.* 3235.

10. The evidence adduced by the opposing creditors was illegal; and *being taken subject to all legal exceptions, must be disregarded.*

11. D. C. Williams is entitled to a dividend on the whole amount of his judgment, with the costs of court as a privileged claim.

12. D. C. Williams having a judgment is entitled to be paid by privilege before the chirographic creditors.

13. A division of the proceeds of the land purchased from A. Trouard by Weinprender must be made from the proceeds of the estate belonging to him in his private right, and a distribution be made of the two separate amounts among the respective creditors, holding mortgages and privileges thereon.

14. As there is no privilege or mortgage on the estate of Weinprender sold for six thousand one hundred and seventy dollars, the creditors must share *pro rata,* in the payment of any balance due them, after exhausting the proceeds of the plantation sold for ten thousand dollars.

15. The judgments, Nos. 595 and 868, offered in evidence by the opposing minors, Trouards, can have *no effect against* third persons, being *res inter alios acta,* and should be disregarded, being illegal evidence.

16. The judgments at all events can have no effect beyond their dates, and cannot make any private acts, documents or papers, on which they are founded, of any validity, before the date of the judgments.

17. The undertakers of the levee are not entitled to any dividend. The sole resource they had for their claim, the levee made by them, has been destroyed by the Mississippi.

18. No interest can be allowed to the creditors opposed, except where a judgment has allowed it, or their titles call for it.

MATHEWS, J. delivered the opinion of the court.

The present case presents a contest between the creditors of the insolvent, involving claims of privilege and preference on the price or proceeds of a certain plantation sold by the syndic as the property of said insolvent.

The litigants now before the court are composed of three classes of creditors: First, the appellants, who claim a privilege as undertakers, who made and completed a levee on the land according to the adjudication of the police authorities of the parish where the plantation is situated. Second, the appellees who claim a tacit or legal mortgage on the premises in question as having been the property of their uncle, Achile Trouard, who acted as their tutor, and who on final settlement of his accounts, (as appears by two judgments rendered in the District Court,) was indebted to them, in his capacity of tutor, in the sum of eight thousand and seventy-two dollars. Third, certain persons who appear to hold the rights and claims of the vendor against the insolvent by regular transfer of the notes which were given by the later to the former to secure the price of the plantation, &c.

The decree of the court below denies a right of privilege to the undertakers and makers of the levee; gives a preference in rank to the tacit mortgage claimed by the minors, Trouard; and accords to the creditors who have succeeded to the rights of the vendor, a concurrent privilege proportioned to the amounts transferred to each of them, &c.

From this decree the undertakers appealed, and by agreement, all the parties before this court are authorised to litigate, without restriction in relation to their respective claims.

Previous to the adoption of the *Louisiana Code,* no privilege seems to have been expressly granted by law on the land to persons who make and repair levees, to secure the payment for the value of such works. The privilege of un-

45

EASTERN DIS.
*April,* 1833.
══════════
WEINPRENDER
*vs.*
HIS CREDITORS dertakers of works of this kind, before that period, rested solely on the provisions of the old Code, relative to architects and other undertakers, and was limited to the houses, buildings, or works by them constructed, rebuilt or repaired. See old *Code, p.*470, *art.* 75.

The act of Feb. 22, 1817, confers directly no privilege on undertakers for making and repairing levees. By an act of the legislature, approved February 22, 1817, a special privilege was granted to the parishes, on the land protected by a levee, on work done at the expense of the parish to secure the reimbursement of the amount expended for such purpose. *See* 2 *Martin's Dig. p.* 247. But this law does not appear to us to confer directly any privilege on undertakers of this sort of works; although it is possible that the parish might subrogate them to the right of privilege accorded to the former.

The 3216th article of the *Civil Code* gives no preference for making a levee to the prejudice of persons having mortgages and privileges on the land previous to the time when the Code assumed the force of law. Being of opinion that the article 3216 of the *La. Code*, cannot be allowed to operate so as to give a preference to the appellants, to the prejudice of persons having privileges or mortgages on the property previous to the time when the Code assumed the force of law, we are compelled to examine their claim of privilege in relation to the laws as they existed antecedently.

By the old Code no privilege was conferred upon undertakers and makers of levees. It might be considered as doubtful whether the privilege accorded by the old Code, could be extended beyond the levee itself, (which it appears in the present instance has long since been destroyed by the river,) although such a privilege would be futile in a great degree, as the levee without the land might be worth nothing; and from this consideration it may be fairly inferred, that the article of the Code did not provide, in any manner, a privilege in favor of undertakers and makers of works of this nature.

If, however, it should be granted, that under the operation of the old Code, the privilege claimed by the appellants extended over the whole tract of land secured by the levee made by their labor, still they cannot avail themselves of it against third persons; as the document on which it is founded is not shown to have been recorded in conformity with the provisions of an act of the legislature passed in 1813. See the *Acts* of that year, *page* 208.

It must be presumed that a process verbal of the adjudi-
cation of the work to them as the lowest bidders and under-
takers, was reduced to writing, which might have been re-
corded as required by the act last cited. We, therefore,
conclude that the court below was right in rejecting their
claim of privilege.

On the part of the persons who claim the benefit of the
vendor's privilege, (at least on the part of one of them, D.
C. Williams,) strenuous opposition is made to the tacit mort-
gage, or lien claimed by the minors, Trouard. But the
grounds on which this opposition is based, appear to us to be
rather technical than substantial.

It is shown by the evidence that these claims against the   The District
tutor were settled by suits in the District Court, and the Court is not with-
out jurisdiction
jurisdiction of that court is now denied. We are, however, *ratione materiæ*
in a suit brought
of opinion, that the District Court was not without jurisdic- by a minor to es-
tablish his claim
tion *ratione materiæ*; and as no advantage was claimed on against his tutor,
and [if no objec-
account of personal privileges, the judgments there ren- tion on account of
personal privilege
dered are valid in themselves; perhaps liable to be im- be taken at the
trial, the judg-
peached and annulled by third persons whose rights they may ment of that court
is in itself valid.
prejudice, on the ground of fraud and collusion; neither of
which is pretended in the present instance. See the case
of *Tabor* vs. *Johnson*, 3 *N. S.* 674.

Another objection is made to the claim of these minors on
account of the want of legal appointment of the tutor. It
appears that in relation to the inheritance which he under-
took to manage for them, he acted without any regular au-
thority. But this circumstance does not lesson or impair any
of the responsibilities imposed by law on him or his property.
By a provision of the old Code, to be found at page 456, arti-
cle 20, a legal mortgage is imposed on the property of those
who, without being tutors or curators, have taken on them-
selves the administration of the property of minors, &c.
The same provision is renewed in the *Louisiana Code.* See
*article* 3283.

There is no error in that part of the decree of the District
Court, which sustains the privilege by the assignees of the
vendor's claim for the price of the property.

Eastern Dis.
*April,* 1833.

The claim of D. C. Williams, for the whole amount of the judgment obtained by him against Weinprender was properly rejected; the note having been endorsed to them by Trouard to secure a less sum owing by the latter, his claim of privilege cannot equitably be extended beyond the amount to be secured, and in concurrence with the other transferees, which seems to have been decreed by the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.